145 F.3d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andrew PAGE, Jr., Petitioner-Appellant,
v.
K.W. PRUNTY, Chief Deputy Warden, Respondent-Appellee.
 No. 97-15135.
D.C. No. CV-96-00043-EFL.
 United States Court of Appeals, Ninth Circuit.
 Submitted February 9, 1998.**
Decided April 28, 1998.
 
 Appeal from the United States District Court for the Northern District of California, Eugene F. Lynch, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 In this action under 28 U.S.C. § 2254, Andrew Page challenges his state robbery conviction on grounds of insufficient evidence, ineffective assistance of counsel, and Miranda violations. For the first claim we ask whether the jury's verdict was rational. United States v. Iriarte-Ortega, 113 F.3d 1022, 1024 n. 2 (9th Cir.1997). The others we review de novo. United States v. Benlian, 63 F.3d 824, 826 (9th Cir.1995); United States v. Moreno-Flores, 33 F.3d 1164, 1168 (9th Cir.1994).
 
 
 3
 The victim testified at trial that Page approached her outside of a convenience store and threatened to "blow her away" unless she gave him her car keys, and that he kept a hand in his pocket to simulate a gun. This testimony allowed a rational jury to convict appellant of attempted robbery. California v. James, 218 Cal.App.2d 166, 170, 32 Cal.Rptr. 238 (1963) (threat to harm sustains fear element of robbery conviction).
 
 
 4
 Page contends that his counsel was incompetent because he did not object to the introduction of evidence seized and an admission made during a warrantless search of his home. The search yielded a brown leather jacket matching the victim's description of the one worn by her assailant, and Page's admission that he wore the jacket at the site of the crime on that morning. The district court found that Page was not prejudiced by this evidence because he later also admitted to the police that he had encountered the victim on the morning of the crime. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We agree. This subsequent statement was far more damaging to Page than his prior admission or the introduction of the jacket.
 
 
 5
 Finally, Page claims that his initial statement to the police that he had encountered the victim was elicited in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1965). However, he concedes that he repeated this statement to the police after he was properly Mirandized. This extinguishes his claim. Oregon v. Elstad, 470 U.S. 298, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985).
 
 AFFIRMED
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3